IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRYL GRAY | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ANTHOS AT CHASE VILLAGE, LLC;<br>ANTHOS PROPERTIES, LLC; and<br>HARALAMBOS KOSTOPOULOS, | |
| Defendants | |

## COMPLAINT FOR DAMAGES

COMES NOW Darryl Gray ("Plaintiff"), through his undersigned counsel, and files this lawsuit against Anthos at Chase Village, LLC; Anthos Properties, LLC; and Haralambos Kostopoulos, also known as Bobby Kostos, (collectively "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief for Defendants' failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

### 3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

### 4.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

### 5.

Defendant Anthos at Chase Village, LLC ("Chase Village") is a subsidiary of Defendant Anthos Properties, LLC ("Anthos Properties").

### 6.

Defendant Haralambos Kostopoulos ("Kostos") is the managing member of both Defendant Chase Village and Defendant Anthos Properties.

7.

Defendant Chase Village is a Georgia Corporation, and may be served with process by delivering a copy of the complaint and summons to its registered agent Spencer Gandy at 400 Northridge Road, Suite 590, Atlanta, Georgia 30350.

8.

Defendant Anthos Properties is a New York Company with a principal office located at 25 Smith Street, Suite 302, Nanuet, New York, 10954. Defendant Anthos Properties availed itself of the privilege of conducting business in the state of Georgia through its subsidiary, Defendant Chase Village, and the unlawful employment practices described herein arose out of conduct that occurred in the state of Georgia. Defendant Anthos Properties may be served with process by delivering a copy of the complaint and summons to Defendant Kostos at 25 Smith Street, Suite 302, Nanuet, New York, 10954.

9.

Defendant Kostos may be served with process by delivering a copy of the complaint and summons to him personally at his home address, or at the principal office of Defendant Anthos Properties.

10.

Defendants are governed by and subject to 29 U.S.C § 206 and § 207.

11.

At all relevant times, Defendants engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

12.

At all relevant times, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

13.

In order to perform his job, Plaintiff used goods (i.e., various tools and machinery) that had moved through the channels of interstate commerce.

14.

At all relevant times, Defendants were an "employer" under the FLSA as that term is defined by 29 U.S.C. § 203(d).

15.

At all relevant times, Defendant Kostos acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

16.

At all relevant times, Defendant Kostos was involved in the day-to-day operations of Chase Village (e.g., compensation/payroll policies and practices, work hours, hiring and firing decisions, job responsibilities, etc.).

17.

At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined by 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

18.

Plaintiff worked for Defendants from on or about January 11, 2012 to on or about June 28, 2013.

19.

Defendants purposefully misclassified Plaintiff as exempt from the overtime pay requirements of the FLSA.

20.

Defendants categorized Plaintiff as a "Maintenance Supervisor," and paid Plaintiff a salary in order to avoid paying Plaintiff time and one-half his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

21.

However, Plaintiff spent the vast majority of his time performing non-exempt manual labor.

22.

Plaintiff functioned in the capacity of a "Maintenance Technician."

23.

Specifically, Plaintiff spent the vast majority of his time performing the work of a Maintenance Technician, including but not limited to, cleaning, painting, maintaining and repairing appliances, "punch-out" work (i.e., inspecting the condition of residential units, cleaning, painting and making the necessary repairs in anticipation of the arrival of new tenants), and operating the trash compactor.

24.

Plaintiff did not have the authority to hire and fire employees.

25.

Plaintiff did not supervise two or more full-time employees or their equivalent.

26.

Rather, the Property Manager "customarily and regularly directed" the work of the Maintenance Technicians.

27.

Each morning, the Property Manager told Plaintiff what maintenance work needed to be done around the premises, and handed Plaintiff work assignments to give to the Maintenance Technicians, which listed the tasks that needed to be done that day.

28.

As of November 2012, Benjamin Bigham was the only employee working at Defendant Chase Village who held the job title of "Maintenance Technician."

29.

In November 2012, Plaintiff was required to work on call 24 hours a day, seven days a week, every other workweek.

30.

Plaintiff was never compensated for any work that he performed while on call.

31.

Plaintiff repeatedly complained about the lack of compensation for any and all work that he performed while on call to Defendant Kostos.

32.

Defendant Kostos would become angry, and either disregard Plaintiff's complaints or instruct Plaintiff to take compensation time, which Plaintiff rarely, if ever, did.

## JOINT EMPLOYER FACTUAL ALLEGATIONS

33.

Defendant Kostos is the managing member of both Defendant Chase Village and Defendant Anthos Properties, which are engaged in the business of owning, developing, and managing multi-family residences.

34.

Defendant Chase Village and Defendant Anthos Properties share the same principal office located at 25 Smith Street, Suite 302, Nanuet, New York, 10954.

35.

On its website, Defendant Anthos Properties advertises apartments for rent at Defendant Chase Village.

36.

Tenants at Defendant Chase Village can make rent payments through Defendant Anthos Properties's website.

37.

Defendant Kostos directly and indirectly controlled, determined, and directed the day-to-day operations of Defendant Chase Village.

38.

Defendant Anthos Properties through Defendant Kostos and other members directly and indirectly controlled, determined, and directed the day-to-day operations of Defendant Chase Village.

39.

Defendant Anthos Properties through Defendant Kostos and other members directly and indirectly determined to pay Plaintiff a salary, and categorized Plaintiff as a "Maintenance Supervisor" (as opposed to a "Maintenance Technician") in order to avoid paying Plaintiff the overtime wage differential required by the FLSA.

## COUNT ONE
## (Fair Labor Standards Act ("FLSA")
## (Failure to Pay Overtime Compensation)

40.

Plaintiff reasserts and incorporates by reference paragraphs 10 through 38 of this Complaint as if fully set forth herein.

41.

At all relevant times, Defendants, individually and collectively, jointly and severally, violated the FLSA by failing to pay Plaintiff time and one-half his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

42.

At all relevant times, Defendants suffered and permitted Plaintiff to consistently work more than forty (40) hours per workweek without paying Plaintiff the overtime wage differential.

43.

Defendants' conduct was willful and in bad faith.

44.

At all relevant times, Defendants purposefully misclassified Plaintiff as exempt in order to avoid paying Plaintiff the overtime wage differential required by the FLSA.

45.

At all relevant times, Plaintiff spent the vast majority of his time performing non-exempt manual labor.

46.

At all relevant times, Plaintiff functioned in the capacity of a Maintenance Technician.

47.

Specifically, Plaintiff spent the vast majority of his time performing the work of a Maintenance Technician, including but not limited to, cleaning, painting, maintaining and repairing appliances, "punch-out" work (i.e., inspecting the

condition of residential units, cleaning, painting and making the necessary repairs in anticipation of the arrival of new tenants), and operating the trash compactor.

48.

At all relevant times, Plaintiff did not have the authority to hire and fire.

49.

Hiring and firing decisions were made exclusively by the Property Manager or upper management.

50.

At all relevant times, Plaintiff did not supervise two or more full-time Maintenance Technicians or their equivalent.

51.

As of November 2012, Benjamin Bigham was the only employee working at Defendant Chase Village who held the formal job title of "Maintenance Technician."

52.

Although Plaintiff performed the same work as the Maintenance Technicians who were paid on an hourly basis, Defendants paid Plaintiff a salary, and categorized Plaintiff as a "Maintenance Supervisor."

53.

In November 2012, Plaintiff was required to work on call 24 hours a day, seven days a week, every other workweek.

54.

Plaintiff was not paid for any and all hours worked while on call.

55.

Whenever Plaintiff complained about this to Defendant Kostos, Defendant Kostos would either disregard Plaintiff's complaints or instruct Plaintiff to take compensatory time, which Plaintiff rarely, if ever, did.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief as against Defendants:

A. Grant Plaintiff a trial by jury as to all triable issues of fact;

B. A judgment in favor of  Plaintiff for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216, and all other legal and equitable as may be appropriate to effectuate the purposes of the FLSA;

C. Judgment against Defendants; and

D. Such other and further relief as this Court may deem just and proper.

Date: February 28, 2014

Respectfully submitted,

SMITH LAW, LLC

By:   /s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Atlanta, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

By:   /s/ Louise N. Smith
          Louise N. Smith
          Georgia Bar No. 131876
          William J. Smith
          Georgia Bar No. 710280
          *Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: (678) 691-5676
F: (770) 674-1122
louise@smithlaw-llc.com
william@smithlaw-llc.com

14

## <u>FONT AND POINT CERTIFICATION</u>

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT FOR DAMAGES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 28th day of February, 2014.

Respectfully submitted,

SMITH LAW, LLC

By:    /s/ Louise N. Smith_____
Louise N. Smith
Georgia Bar No. 131876
William J. Smith
Georgia Bar No. 710280
*Attorneys for Plaintiff*

SMITH LAW, LLC
P.O. Box 1396
Dacula, GA 30019
T: 678.691.5676
F: 770.674.1122
louise@smithlaw-llc.com
william@smithlaw-llc.com