# EXHIBIT "A"

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of the date last executed below, by and between Darryl Gray ("Gray") and Anthos at Chase Village, LLC ("Chase Village"); Anthos Properties, LLC ("Anthos Properties"); and Haralambos Kostopoulos, also known as Bobby Kostos ("Kostos"; Chase Village, Anthos Properties, and Kostos collectively referred to herein as "Anthos"; Gray and Anthos each referred to herein as a "Party" and collectively as "Parties"), on their own behalf and on behalf of their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.

1. **Non-Admission.** This Agreement does not constitute an admission by Anthos of any violation of any law or statute and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

2. Gray has filed a lawsuit against Anthos in the Northern District of Georgia, Civil Action No. 1:14-cv-00621-CAP (the "Action"), in which he has alleged violations of the Fair Labor Standards Act ("FLSA") in connection with his employment with Anthos. Anthos disputes the validity of the claims set forth in the Action. Nevertheless, Gray and Anthos desire fully and finally to resolve Gray's claims in the Action and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of either Party relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed which relate in any way to Gray's employment with Anthos. Gray represents that no other charges, actions or claims are pending on his behalf.

3. **Payment.** In consideration for signing this Agreement and the fulfillment of the promises herein, Anthos agrees to pay Gray the total sum of Twenty Thousand dollars ($20,000.00) (the "Settlement Amount"), to be paid as follows:

   a. The amount of Five Thousand One Hundred dollars ($5,100.00) (representing unpaid wages) will be provided to Gray's counsel of record as a check made payable to "Darryl Gray" ("Check #1") within ten (10) days of the Court's approval of this Agreement. This payment will be subject to all applicable state and federal tax withholdings in effect as of the end of Gray's employment with Anthos, excluding insurance, 401k, and any other deductions. Anthos will issue a W-2 to Gray after the end of the current tax year reflecting the amount of Check #1.

   b. The amount of Five Thousand One Hundred dollars ($5,100.00) (representing liquidated damages) will be provided to Gray's counsel of record as a check made payable to "Darryl Gray" ("Check #2") within ten (10) days of the Court's approval of this Agreement. This payment will not be subject to state and federal tax withholdings. Anthos will issue a 1099 to Darryl Gray after the end of the current tax year reflecting the amount of Check #2.

{N0359678.}

c. The amount of Nine Thousand Eight Hundred dollars ($9,800.00) (representing attorneys' fees and costs) will be provided to Gray's counsel of record as a check made payable to "Smith Law, LLC" ("Check #3") within ten (10) days of the Court's approval of this Agreement. This payment will not be subject to state and federal tax withholdings. Anthos will issue a 1099 to Smith Law, LLC after the end of the current tax year reflecting the amount of Check #3.

4. **Waiver and Release of Claims by Gray**. Gray, on behalf of Gray's descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges Anthos, its past and present parents, subsidiaries and affiliates, and its respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees, from any and all claims and rights of any kind that Gray may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Gray's employment with Anthos as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act of 1963, the Americans With Disabilities Act, as Amended by the Americans With Disabilities Act Amendments Act of 2008, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local Fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Gray represents that he knows of no claim that he has that has not been released by this paragraph.

5. **Waiver and Release of Claims by Anthos**. Anthos, on behalf of Anthos's descendants, dependents, heirs, executors, administrators, assigns, and successors, fully, finally and forever releases and discharges Gray, its past and present parents, subsidiaries and affiliates, and its respective past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees, from any and all claims and rights of any kind that Anthos may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Gray's employment with Anthos as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act of 1963, the Americans With Disabilities Act, as Amended by the Americans With Disabilities Act Amendments Act of 2008, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or

Page 2 of 7

Darryl Gray Initials

statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local Fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Anthos represents that it knows of no claim that it has that has not been released by this paragraph.

6. **Payment of Applicable Taxes**. Gray is solely responsible for all federal, state and local taxes that may be owed by Gray by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Gray agrees to indemnify and hold Anthos harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Gray under this Agreement, other than with regard to such payroll taxes that Anthos is required to pay on the amount of Check #1 provided to Gray in Paragraph 3.a. above.

7. **Transfer of Claims**. The Parties represent and warrant that neither of them has assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. Gray further warrants that there is nothing that would prohibit him from entering into this Agreement.

8. **No Future Employment**. Gray agrees and recognizes that his employment relationship has been permanently and irrevocably severed. Gray hereby understands and agrees that he will not be re-employed by Anthos in the future and that he will never knowingly apply to Anthos, its subsidiaries, parents or divisions for any job or position in the future. Gray agrees that if he knowingly or unknowingly applies for a position and is offered or accepts a position with Anthos, its subsidiaries, or divisions, the offer will be withdrawn and Gray will be terminated without notice, cause, or legal recourse. In the event Gray is employed by an employer that merges with, acquires, or is acquired by Anthos, nothing contained herein will prevent continued employment.

9. **Neutral Employment Reference**. Should any employer or prospective employer of Gray contact Anthos seeking an employment reference or any other information pertaining to Gray's employment with Anthos, Anthos shall verify only the dates during which Gray was employed with Anthos (in particular, Chase Village). Anthos shall refrain from discussing performance (positive or negative) or any other workplace-related actions/conduct of Gray, including the facts and circumstances surrounding the cessation of Gray's employment with Anthos.

10. **Return of Property**. As a condition precedent to Gray's receipt of the monetary payment provided under this Agreement, he acknowledges that he has returned all of Anthos's property possessed by him prior to his execution of this Agreement.

11. **Mutual Non-Disparagement and Incitement of Claims**. Gray agrees that he will not make or cause to be made any statements that disparage or damage the reputation of Anthos, except as required by court order or as otherwise required by law. Likewise, Anthos

Page 3 of 7

Darryl Gray Initials

agrees that it will not make or cause to be made any statements that disparage or damage the reputation of Gray, except as required by court order or as otherwise required by law.

12. **Gray is Not Prevailing Party**. Gray shall not be considered a prevailing party for any purpose.

13. **Breach**. The Parties agree that any disputes concerning any alleged breach of this Agreement (other than breach by commencing a suit or action in contravention of the Parties' releases in Paragraph 4 and/or Paragraph 5) will be resolved through arbitration under the procedures outlined by the American Arbitration Association ("AAA") Employment Arbitration Rules. In the event of a breach by Gray of any paragraph or provision of this Agreement (including but not limited to Gray's obligations in the paragraphs pertaining to Mutual Non-Disparagement and Incitement of Claims and Return of Property) before Gray receives any proceeds as set forth in Paragraph 3, Anthos's obligations to pay the monies set forth in Paragraph 3 shall immediately cease. In the event of an alleged breach by Gray of any paragraph or provision of this Agreement (including but not limited to Gray's obligations in the paragraphs pertaining to Mutual Non-Disparagement and Incitement of Claims and Return of Property) after Gray has received any proceeds as set forth in Paragraph 3, Anthos shall be entitled to pursue all available remedies before AAA including but not limited to the return of five thousand dollars ($5,000.00) (i.e., 25 percent) of the payments made to Gray under Paragraph 3 of this Agreement. The parties agree that this liquidated damages provision represents reasonable compensation for the loss which would be incurred by Anthos due to any such violation. Likewise, in the event of an alleged breach by Anthos of any paragraph or provision of this Agreement, Gray shall be entitled to pursue all available remedies before AAA. No conduct by any Party shall constitute a breach of this Agreement unless and until (a) adjudged as a breach by a tribunal with competent jurisdiction or (b) admitted by a Party to be a breach.

14. **Entire Agreement**. This Agreement contains the entire agreement and understanding between the Parties with respect to any and all disputes or claims that the Parties have, or could have had, against each other as of the date this Agreement is executed, and supersedes all other agreements between the Parties with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Gray and Anthos.

15. **Severability**. If any portion of this Agreement is void or deemed invalid or unenforceable by a court of competent jurisdiction for any reason, the unenforceable provision and/or portion thereof shall be deemed severed from the remaining portions of this Agreement, and the remainder of this Agreement shall otherwise remain in full force and effect to the extent permitted by applicable law.

16. **Gray's Acknowledgement**. Gray acknowledges that no representation, promise or inducement has been made, other than as set forth in this Agreement, and that he enters into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Gray further acknowledges and represents that he assumes the risk for any mistake of fact now known or unknown, and that he understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully

Darryl Gray Initials

understood and voluntarily accepted. Gray also acknowledges: (a) that he has consulted with or has had the opportunity to consult with an attorney of his choosing concerning this Agreement and has been advised to do so by Anthos; and (b) that he has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on his own judgment and/or his counsel's advice. Gray acknowledges that he has been given a reasonable time to consider the terms of this Agreement. Gray acknowledges that he is getting more consideration under this Agreement than he is otherwise entitled. Gray acknowledges that the proceeds of this Agreement shall not be cause for the recomputation of any of his individual benefits that may have been provided by Anthos, including but not limited to, retirement benefits, if any. Anthos further understands and acknowledges that Gray is only releasing claims in Paragraph 4 of the Agreement that arose prior to the execution of this Agreement.

17. **Medicare Benefits Acknowledgement**. Gray affirms that he has not sought medical treatment or incurred medical costs (either on behalf of himself or through Medicare) as a result of his alleged claims against Anthos.

18. **Headings**. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

19. **Choice of Law**. This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies.

20. **Acknowledgement under ADEA**. In compliance with the requirements of the Age Discrimination in Employment Act (**ADEA**), as amended by the Older Worker's Benefit Protection Act (**OWBPA**), Gray acknowledges that, with respect to the rights and claims waived and released herein under the ADEA, OWBPA and other laws, he has read and understands this Agreement; he has been given at least twenty-one (21) days to review and accept this Agreement; he was advised in writing, via this Agreement, to consult with an attorney before signing this Agreement; he is releasing any claims of age discrimination under the ADEA, OWBPA and other laws; and he understands that the release of age discrimination and other claims contained in this Agreement does not waive or release any rights or claims that may arise after the effective date of this Agreement.

Gray may revoke this Agreement within seven (7) calendar days after he signs it. To revoke, he must ensure that written notice of revocation is delivered to Anthos by delivery to its attorney, D. Barton Black, Thrasher Liss & Smith, LLC, Five Concourse Parkway, Suite 2600, Atlanta, Georgia 30328, in a manner such that it is received no later than the seventh (7th) calendar day after he signs the Agreement (the date written next to Gray's signature below). If he does not revoke the Agreement during the seven (7) day revocation period, the effective date of this Agreement shall be the calendar day after the seven-day (7) period.

*[The remainder of this page is left intentionally blank. Signatures are on the following page.]*

Darryl Gray Initials

Page 6 of 7

Darryl Gray Initials

DARRYL GRAY

_(signature)_

Date: 6/27/2014

ANTHOS AT CHASE VILLAGE, LLC

By: _(signature)_

Name: Haralambos Kostopoulos

Title: _(illegible)_

Date: 6/30/14

ANTHOS PROPERTIES, LLC

By: _(signature)_

Name: Haralambos Kostopoulos

Title: _(illegible)_

Date: 6/30/14

HARALAMBOS KOSTOPOULOS

_(signature)_

Date: 6/30/14

Page 7 of 7

Darryl Gray Initials